UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**CATHERINE ANN SAMA,**
      **- Plaintiff**
   **v.**                                        **CIVIL NO. 3:10CV01268(VLB(TPS)**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**
      **- Defendant**

## RULING ON MOTION FOR ATTORNEY'S FEES

Pending before the Court is the plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (Dkt. #37). For the reasons that follow, the motion is **GRANTED**. Attorney Rubenstein is awarded a fee of $32,904.00 under 42 U.S.C. § 406(b) for legal services rendered before this Court. However, Attorney Rubenstein shall return $7,000.00 of the award to the plaintiff, to reflect the amount previously awarded to the plaintiff under the Equal Access to Justice Act (EAJA).

**I.   PROCEDURAL HISTORY**

On May 21, 2007, the plaintiff filed an application for Social Security disability insurance benefits ("DIB"). The application was denied at three different levels of the Social Security Administration. The Commissioner's denial was made final by the Decision Review Board on April 30, 2010. The plaintiff filed a complaint in this Court, *pro se*, on August 9, 2010. (Dkt. #1). Approximately one year later, Attorney Allan Rubenstein filed his appearance on behalf of the plaintiff. (Dkt. #18). On January 23,

2012, Attorney Rubenstein filed a Motion to Reverse the Decision of the Commissioner, and a supporting memorandum. (Dkt. #26). In response, on March 26, 2012, the Commissioner filed a Motion For Entry Of Judgment Under Sentence Four Of 42 U.S.C. §405(g) With Reversal And Remand Of The Case To The Defendant. (Dkt. #27). On March 27, 2012, the Court granted the motion and ordered that the case be remanded to the defendant. (Dkt. #28).

A new administrative hearing was held in this case on April 11, 2013. On April 18, 2013, the plaintiff (and her minor child) fully prevailed in their claim, and were awarded DIB with an onset date of October 31, 2006. (Dkt. ##37-7, 37-9, 37-10). On February 5, 2014, the plaintiff filed a Motion for Approval of Attorney Fees under 42 U.S.C. § 406(b). (Dkt. #37). On February 25, 2014, the Commissioner filed a response, indicating that she had no substantive objection to the amount sought. (Dkt. #38). The Court granted the plaintiff's motion on February 26, 2014. (Dkt. #39). However, after being contacted by the plaintiff, who informed the Court that she objected, *inter alia*, to the reasonableness of the award, the Court vacated its previous order and afforded the plaintiff an opportunity to file a formal objection to the proposed fee. (Dkt. #40). The plaintiff timely filed a formal objection (Dkt. #42), and the parties subsequently submitted multiple briefs and correspondence to the Court. (Dkt. ## 43, 46, 47, 49). The Court has carefully considered all of the arguments.

**II.   STANDARD OF REVIEW**

Section 406(b) of the Social Security Act authorizes a court to award reasonable attorneys' fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002); Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).  In reviewing a fee request under § 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells, 907 F.2d at 371.  However, even where, as here, the requested fee does not exceed the twenty-five percent ceiling, the attorney "must show that the fee sought is reasonable for the services rendered." Gisbrech, 535 U.S. at 807.  In sum, § 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808-09.

In determining the reasonableness of a fee under § 406(b), courts are directed to consider several factors, including (1) whether the requested fee is out of line with the "character of the

3

representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808). "[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells, 907 F.2d at 371.  In applying these factors, the Court should take notice that, "[i]nasmuch as statutory fee awards are available only for successful litigants, a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners." Blizzard v. Astrue, 496 F. Supp.2d 320, 325.  As the Second Circuit notes, "in the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. Therefore, a reduction in the agreed-upon contingency amount should not be made lightly." Blizzard, 496 F. Supp.2d at 325.

**III. ANALYSIS**

As stated above, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and

the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells, 907 F.2d at 371.

At the outset, the Court must address the plaintiff's contention that she did not understand the contingency fee agreement that bears her signature. (Dkt. #42 at 2). The plaintiff signed a six sentence contingency fee agreement, titled "Fee Agreement," which contained no legalese or complicated terms. (Dkt. #37-3). The second sentence states as follows: "I understand that if there is a favorable decision in my case, the attorney's fee shall be 25% of my retroactive benefits." Id. The fifth sentence states: "If I am not successful in winning my case, he will not be entitled to any fee." Id. While the plaintiff now contends that she did not understand the agreement and was under duress at the time it was presented to her, the Court is unable to credit such an assertion. The plaintiff is a college graduate, has personally drafted and filed three pleadings with this Court, and was never sent an hourly bill for her representation. The plaintiff knew, or should have known by reading the agreement she signed, that the payment of a twenty-five percent fee was contingent on a favorable decision, and that she would not pay anything if there was not a favorable decision. The Court finds that there is no evidence that the contingency fee agreement was procured by improper influence or duress. However, the Court must

still assess whether the twenty-five percent fee contemplated by the agreement is reasonable.

In reviewing the reasonableness of a fee request, we look to the factors discussed above. With respect to the first factor, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved." Joslyn, 389 F. Supp.2d at 456 (quoting Gisbrecht, 535 U.S. at 808). Attorney Rubenstein achieved a fully favorable result for plaintiff, first by securing a remand to the administrative level, and then by obtaining a substantial award of past-due benefits. The plaintiff was represented at the initial administrative level by another attorney, who was unable to secure a positive result for the plaintiff. The results secured by Attorney Rubenstein, a remand and a subsequent award of benefits beginning October 31, 2006, were the best possible outcome for the plaintiff. There is also no credible basis to conclude that the fee request is out of line with the character of the representation. Attorney Rubenstein was retained for the purposes of filing a dispositive motion and prosecuting the plaintiff's claim in this Court. He performed these duties properly, and achieved exemplary results for his client.

Next, the Court is satisfied that Attorney Rubenstein did not unreasonably delay the proceedings in an attempt to increase the accumulation of benefits and increase his fee. Ironically, the

most significant delay in the course of the proceedings can be attributed to the plaintiff herself. Although she filed her *pro se* Complaint on August 9, 2010, and was granted *in forma pauperis* status three days later, she did not return the proper forms for service of the Complaint on the defendants until February of 2011, a delay of six months, and only in response to a Court order. (Dkt. ##1, 5, 8). More than three months later, on May 24, 2011, this Court entered an order which gave the plaintiff a deadline of August 9, 2011, exactly one year from the date of her Complaint, to file a dispositive motion.  (Dkt. #17).  In its Order, the Court noted that the plaintiff "has informed the court several times by telephone that she has not successfully retained an attorney and therefore remains unsure of how to proceed with her case pro se . . . If the plaintiff cannot meet this deadline, her case may be dismissed for failure to prosecute."  Id. The plaintiff and Attorney Rubenstein signed a contingency fee agreement on June 23, 2011, and a Notice of Appearance was filed in August of 2011. Dkt. #18, 37-3.  Thus, while the plaintiff argues that Attorney Rubenstein intentionally delayed the case and "kept dragging it out to prolong this so called back pay," the Court must remind the plaintiff that her case was pending in this Court for more than ten months before she retained Attorney Rubenstein to represent her. (Dkt. #49 at 3).

Conversely, Attorney Rubenstein's ability, through his

experience and expertise, to convince the Commissioner to voluntarily seek a remand for a new hearing expedited the case by as many as twelve months. Had Attorney Rubenstein not achieved the voluntary remand, there would have been at least three months of additional briefing, at which point the case would have been added to the backlog of social security cases on the Court's docket, with a decision likely to be rendered in six to nine months. While the parties differ as to what steps Attorney Rubenstein was asked to take with respect to utilizing "connections" at the SSA in order to obtain an expedited hearing on remand, the fact remains that the new hearing was held on April 11, 2013, less than one year after being sent back to the ALJ. This time frame comports with the Court's understanding of the expected turn-around time at the SSA. There has been no showing that Attorney Rubenstein unreasonably delayed the process.

Finally, the Court must consider whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Joslyn, 389 F. Supp.2d at 456 (quoting Gisbrecht, 535 U.S. at 808). The Court concludes that the requested fee does not fall under the category of a "windfall" to Attorney Rubentein. The Court has reviewed the well-drafted dispositive motion filed by Attorney Rubenstein, as well as the time and billing records he initially submitted with his EAJA fee application. (Dkt. #30). Attorney Rubenstein's work-product and allotment of his time are

commensurate with his many years of experience and expertise in Social Security litigation. The requested fee of $32,904.00, which amounts to an hourly rate of $785.30 when to the 41.9 hours of work listed in his EAJA fee application, is well within the reasonableness standard adopted in the Second Circuit. See, e.g., Torres v. Colvin, No. 11 Civ. 5309 (JGK)(MHD), 2014 U.S. Dist. LEXIS 29239, 2014 WL 909765 (S.D.N.Y. Feb. 4, 2014)(approving award with hourly rate of $1,000); Destefano v. Astrue, No. 05-CV-3534 (NGG), 2008 U.S. Dist. LEXIS 16504, 2008 WL 623197 (E.D.N.Y. March 4, 2008) (approving award with hourly rate of $849.09); Joslyn v. Barnhart, 389 F. Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving fee amount of $38,116.50 for 42.75 hours of work, representing hourly rate of $891.61).

## IV. CONCLUSION

For the reasons addressed above, Attorney Rubenstein is awarded a fee of $32,904.00 under 42 U.S.C. § 406(b) for legal services before this Court. This amount is in addition to the $7,425.73 previously awarded to Attorney Rubenstein by the ALJ for services rendered at the administrative level, and represents the remaining balance of the twenty-five percent of past-due benefits withheld from the plaintiff by the Commissioner. (Dkt. ##37-9, 37-10, 37-11). However, as acknowledged by Attorney Rubenstein, he must return to the plaintiff the $7,000.00 he was previously awarded by the Court under the EAJA. This requirement works to

increase the "total amount of past due benefits the claimant actually receives." Gisbrecht, 535 U.S. 789.  While the plaintiff may not be convinced that an attorney fee of twenty-five percent of the amount of past-due benefits awarded her is reasonable, the Court concludes otherwise.  The plaintiff obtained the best possible result, in an efficient manner, and in accordance with a contingency fee agreement she signed.  Attorney Rubenstein absorbed all of the risks that are inherent in contingency fee cases, as the plaintiff would have owed nothing had she not prevailed.  While the Court sympathizes with the plaintiff, and has no desire to cause her further anguish, the Court has found no basis to reduce the amount called for in the agreement.

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reversible pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed.R.Civ.P. 72 (a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this   25th    day of June, 2014.**

/s/ Thomas P. Smith
**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**